CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 03 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>ADAM CARRINGTON FITZGERALD<br><br>_Defendant(s)_ | )<br>)<br>) Case No. 4:19mj26<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 13, 2019__ in the county of __Danville City__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a) & (b)(1)(C) | Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance |
| 18 U.S.C. 922(g)(1) | Possession of Firearm by Convicted Felon |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

/s/Peter Gonzalves
_Complainant's signature_

Peter Gonzalves, ATF Special Agent
_Printed name and title_

Received by reliable electronic means
and sworn and attested to by telephone.

Date: July 3, 2019

_Judge's signature_

City and state: Roanoke, VA

Judge Robert S. Ballou, US Magistrate Judge
_Printed name and title_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No. 4:19mj26

ADAM CARRINGTON FITZGERALD

AFFIDAVIT IN SUPPORT OF CRIMINAL
COMPLAINT AND ARREST WARRANT

1. I, Peter Gonzalves, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Washington Field Division, Bristol Post of Duty, having been duly sworn, depose and state as follows:

INTRODUCTION

2. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18, United States Code.

3. I have been employed as a Special Agent with the ATF since August of 2016. I am currently assigned to the Bristol, Virginia Field Office. Prior to becoming an ATF Special Agent, I was a Special Agent with the US Department of State, Diplomatic Security Service for approximately six years. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, ATF Special Agent Basic Training, and several other training courses relating to criminal investigations. I have taken part in numerous federal, state, and local investigations concerning violations including document and identity fraud, financial fraud, cyber crimes, narcotics and firearms violations.

4. I am knowledgeable about state and federal drug laws and have participated in narcotic distributing investigations. I have participated in searches of residences of suspected drug traffickers for evidence of criminal activity. I have also conducted and participated in the debriefing of drug traffickers, through which I have learned valuable information regarding the techniques used by drug traffickers to distribute drugs in domestic markets. As a result of my on the job experience, I am familiar with the way in which drug traffickers illegally traffic, transport and distribute narcotics.

5. I am submitting this affidavit in support of a criminal complaint and a warrant for the

1

arrest of ADAM CARRINGTON FITZGERALD for possession with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(C), and knowingly possessing a firearm after having been convicted of a felony punishable by a term of imprisonment of more than one year, in violation of 18 U.S.C. § 922(g)(1).

6. The facts and information contained in this affidavit are based upon my personal knowledge, review of law enforcement reports, as well as the observations of other law enforcement officers involved in this investigation. All observations that were not personally made by me were related to me by the persons who made such observations. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

7. On June 13, 2019, at approximately 7:45 P.M., officers with the Danville Police Department ("DPD") observed an individual they recognized as Adam Carrington FITZGERALD, also known as "AD," operating a silver Buick sedan on public roadways within the city limits. The officers knew FITZGERALD'S driver's license to be suspended and initiated a traffic stop on the vehicle as FITZGERALD was backing the car into a residential driveway. The traffic stop occurred at 109 Laramie Circle in Danville, Virginia, which is located in the Western District of Virginia.

8. FITZGERALD, the only occupant of the vehicle at the time, stepped out of the vehicle and engaged in a short conversation with DPD Officer W. C. Shively. Officer Shively informed FITZGERALD that his license was suspended and asked FITZGERALD why he was driving. FITZGERALD continuously placed his hands into his pockets and Officer Shively told FITZGERALD to keep his hands out of his pockets. Officer Shively told FITZGERALD that he was going to pat him down and FITZGERALD "took off," running from law enforcement. FITZGERALD ran behind a residence in the 300 block of Withers Circle Danville, Virginia, where DPD Investigator R. P. Wright observed FITZGERALD throw a black in color, semi-automatic handgun. FITZGERALD then fell to the ground and Investigators R. P. Wright and H. Torres handcuffed Fitzgerald behind his back. A Glock, Model 43, 9mm pistol and magazine with ammunition was discovered in the area where FITZGERALD was observed throwing a handgun.

9. One of the DPD officers who participated in the traffic stop is a K9 officer. This officer remained at the scene of the traffic stop to maintain the security of the vehicle while FITZGERALD was being pursued on foot. After the pursuing officers apprehended FITZGERALD, the K9 officer conducted an open air sniff of the vehicle. The K9 alerted to the presence of narcotics odor coming from the motor vehicle that FITZGERALD had been operating.

10. A search warrant was obtained by state law enforcement and the vehicle was searched. In FITZGERALD'S vehicle, officers located: i) a plastic shopping bag in plain view on

2

the passenger seat containing a large zipper type plastic bag containing what appeared to be crystal methamphetamine, several smaller bags containing what appeared to be approximately 600 pills, and a quantity of what appeared to be heroin; ii) approximately 20 pounds of what appeared to be marijuana in the trunk of the vehicle; iii) two firearms, specifically a Taurus, Model G2C, 9mm pistol, Serial Number TLRO2952 (with a magazine with ammunition, but no chambered round) and an unknown make, model, or serial number 9mm, black semi-automatic pistol (with a magazine with ammunition but no chambered round) in the trunk; iv) several rounds of ammunition and a digital scale in the trunk; and v) approximately $14,000.00 in United States Currency, in multiple denominations, in the trunk.

11. Officers later weighed and conducted a field test of the suspected crystal methamphetamine. The field weight of the substance was approximately 700 grams and a field test yielded positive results for the presence of methamphetamine. Based on my training and experience, 700 grams of crystal methamphetamine is a quantity far beyond a "user quantity" and is only found where the possessor intends to distribute the methamphetamine. Methamphetamine is listed by the Drug Enforcement Administration ("DEA") as a Schedule II controlled substance. Possession of a controlled substance with intent to distribute is a violation of 21 U.S.C. § 841(a)(1).

12. In 2009, FITZGERALD was convicted of the following charges, in the Circuit Court for the City of Danville, within the Commonwealth of Virginia:

    a. Two counts of maliciously shooting into occupied dwelling, a Class 4 felony in violation of Virginia Code § 18.2-279, for which he was sentenced to a term of five years in prison, with five years suspended;

    b. One count of discharging a firearm from a vehicle, a Class 5 felony in violation of Virginia Code § 18.2-286.1, for which he was sentenced to a term of five years in prison, with three years and ten months suspended, for an active sentence of one year and two months.

    Each of these crimes are punishable imprisonment for a term exceeding one year. Pursuant to 18 U.S.C. § 922(g)(1), FITZGERALD is therefore prohibited from possessing firearms.

13. The Glock, Model 43, 9mm pistol that FITZGERALD possessed during his flight from law enforcement is a firearm under 18 U.S.C. § 924. Markings on the Glock pistol indicate it was manufactured in the country of Austria. Therefore, the pistol necessarily traveled in interstate or foreign commerce.

## CONCLUSION

14. Based on the aforementioned facts, probable cause exists to show that on or about June 13, 2019, ADAM CARRINGTON FITZGERALD possessed with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation 21 U.S.C. §§ 841(a)

3

& (b)(1)(C), and knowingly possessed a firearm, in or affecting interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).

/s/Peter Gonzalves
Peter Gonzalves, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Received by reliable electronic means and sworn and attested to by telephone on _July 3_, 2019.

_Robert S. Ballou_
UNITED STATES MAGISTRATE JUDGE